### UNITED STATES v. CASK OF GIN, etc.*

*(District Court, E. D. Pennsylvania.    July 13, 1880.)*

1. REVENUE LAWS—DISTILLED SPIRITS—FAILURE TO STAMP "STAND CASKS"—FORFEITURE—CONSTRUCTION OF STATUTE.—"Stand casks" forming part of the fixtures of a retail liquor saloon, and used for holding distilled spirits, are not required to be stamped, and their contents are not liable to forfeiture under section 3289, Rev. St., because of the absence of such stamp.

Motion for judgment on point reserved.    This was a libel of information for forfeiture against certain casks of distilled spirits found without any mark or stamp on them, and therefore claimed by the government as forfeited under section 3289 of the Revised Statutes.    On the trial it appeared that

*Reported by Frank P. Prichard, Esq., of the Philadelphia Bar.

the casks were what are known as "stand casks"—that is, large ornamental casks, holding more than five gallons, and forming part of the fixtures of a retail liquor store—and that they were used for holding distilled spirits, which were pumped into them from the original packages and drawn off from them as sold in small quantities. It also appeared that it was the custom of retail dealers to use such casks that the spirits could be kept in them more advantageously than in the original packages, and that they were considered as fixtures for permanent use. The court reserved the point whether the contents of these casks were liable to forfeiture, and a verdict was rendered for plaintiff.

*John K. Valentine,* U. S. District Attorney, for plaintiff.

*Richard P. White,* for defendant.

BUTLER, D. J. Judgment must be entered for the defendant on the point reserved. I find nothing to justify the forfeiture. The defendant is a retail dealer. The spirits were found in "stand casks," such as are customarily used in the trade—vessels permanently affixed to the store, and constituting a part of the realty—containing, in this instance, each, as the witnesses say, "over five gallons." The claim to forfeiture is based on section 3289 of the Revised Statutes, which provides that "all distilled spirits found in any cask or package, containing five gallons or more, without having thereon each mark and stamp required therefor by law, shall be forfeited to the United States;" which section the plaintiff's counsel reads as if the words "required therefor by law" were omitted, making it apply generally to such spirits found *in all casks and packages whatever*. This construction is not justifiable. The words referred to confine the application to spirits in such casks and packages, and in such quantities, as by other sections of the statute *are required to be marked and stamped*. These other sections are 3320, 3321, (as altered by the act of August 15, 1876, 19 St. at Large, 152,) and 3323, which, plainly, are inapplicable to this case. No theorizing respecting the object of congress can extend the effect of these sections beyond the plain import of their terms. If it was intended to forfeit spirits found, in the quantities

here shown, in all descriptions of unstamped vessels, it would have been easy to say so. That it was not said so, leaves no room to doubt that it was not so intended. If this were open to doubt, however, it could not be forgotten that those who claim a forfeiture must be prepared to show a plain warrant for it.